IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| BEST LIFE INTERNATIONAL, INC., | * | CIVIL NUM. 02-2685 (JAG) |
| | * | |
| Plaintiff | * | Re: TRADEMARK |
| | * | INFRINGEMENT; |
| | * | COUNTERFEITING; UNFAIR |
| v. | * | COMPETITION; SEIZURE; |
| | * | DAMAGES and INJUNCTIVE |
| HOME SHOPPING SERVICES, INC.; | * | RELIEF |
| RICARDO PANNEFLEK, PRESIDENT; | * | |
| CARMEN VAZQUEZ, d/b/a | * | |
| "ANICARM MEDICAL DISTRIBUTORS" | * | |
| and/or "AMD", | * | |
| | * | |
| Defendants | * | |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION ORDER

On November 14, 2002, plaintiff, Best Life International, Inc., filed the instant action against defendants Home Shopping Services, Inc. and Ricardo Panneflek. Among other things, the complaint seeks injunctive relief, damages, and other relief for acts of federal trademark infringement, counterfeiting and, unfair competition. On February 13, 2003, defendants filed an Answer to Complaint denying any wrongful activity and asserting various counterclaims against plaintiff. The parties wish to avoid the uncertainties and costs of protracted litigation between them. Accordingly, plaintiff and defendants have entered into a confidential stipulation whereby the claims asserted by plaintiff against defendants have been settled and disposed of and whereby defendants voluntarily withdraw their counterclaims against plaintiff, with prejudice. The parties deem that, by virtue of the foregoing, and subject to the terms and conditions submitted herein, all issues and claims asserted between them are duly and permanently resolved.

NOW, THEREFORE, upon consent of the parties, IT IS HEREBY ADJUDGED, ORDERED AND DECREED that:

1. This Court has jurisdiction over plaintiff and defendants and the subject matter of this action;

2. Defendants hereby expressly acknowledge and recognize that plaintiff is the title holder owner of the following federal trademark registration:

| **Registration No.** | **Trademark** |
|---|---|
| 2,618,996 | Best Life Viga |

3. By virtue of the confidential stipulation reached by the parties, defendant, Home Shopping Services, Inc., its subsidiaries, affiliates, divisions, officers, directors, agents, servants, employees, and attorneys, and all persons in active concert or participation with it, and each of them, including, without limitation, Ricardo Panneflek are hereby permanently enjoined from:

(a) using any counterfeit, simulation, reproduction, copy, or colorable imitation of any of the mark "Viga" (which together with the common law trade dress of plaintiff's "Viga" natural vitamin supplemental product shall be collectively referred to herein as the "Viga Marks"), it being agreed that such permanent injunction extends to any use of the terms "Viga" and/or "Viga 1000" and/or any use of a confusingly similar term thereof:

(b) importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying, in any medium, any product bearing any counterfeit, simulation, reproduction, copy, or colorable imitation of any of the Viga Marks, including without limitation by use of the marks "Viga" and/or "Viga 1000", or any marks confusingly similar thereto;

2

(c) otherwise imitating, copying, making unauthorized use of, or infringing upon or diluting any of the Viga Marks, including without limitation by use of the marks "Viga" and/or "Viga 1000", or any marks confusingly similar thereto; and

(d) causing likelihood of or actual confusion, injury to business reputation, or dilution of the distinctiveness of the Viga Marks, including without limitation by use of the marks "Viga" and/or "Viga 1000";

(e) encouraging, inducing, assisting or contributing to in any way the efforts of any third party to do any of the foregoing.

4. Defendants expressly warrant and represent that they have surrendered to plaintiff all existing inventory of all product depicting the Viga Marks, as well as, any and all promotional, advertising or other material containing such "Viga Marks" or any colorable imitation thereof.

5. The parties expressly acknowledge and represent that, based upon plaintiff's receipt of adequate consideration, the specifies of which the parties have agreed to keep confidential, the parties expressly release each other from any and all claims or liability derived from the pleadings and/or relating to the circumstances which gave rise to the present action.

6. Defendants expressly and voluntarily withdraw, with prejudice, their counterclaims against plaintiff.

7. The parties expressly agree and represent that they shall not engage in commercial use of any similarly trademarked products which may likely to cause confusion with the general public, except, without obtaining express written authorization from the other party.

8. Except as otherwise may have been provided in the confidential stipulation reached by the parties, each party will bear its own costs and attorneys' fees in the present action.

9. The Court shall retain jurisdiction over the parties and the subject matter with respect to the enforcement of this Consent Judgment and Permanent Injunction Order.

10. Plaintiff and defendants expressly waive any right to appeal or otherwise move for relief from this Consent Judgment and Permanent Injunction Order.

11. Lastly, the parties agree, consent and request from the Honorable Court that the Clerk of the Court be instructed to unseal the file on the present matter.

Respectfully submitted.

This 23rd day of June, 2005.

| | |
|---|---|
| **CASTELLANOS LAW FIRM, PSC** | **EUGENIO C. ROMERO LAW OFFICES** |
| Attorney for Defendants | Attorney for Plaintiff |
| Citibank Tower, Suite 1401. | Suite 1568, 208 Ponce de León Ave. |
| 252 Ponce de León Ave. | San Juan, PR 00918-1006 |
| Hato Rey, P.R. 00918` | Tel: (787) 765-1917 / |
| Tel.: 787/641-8447 | Fax: (787)281-7150 |
| Fax: 787/641-8750 | |
| S / **ALFREDO CASTELLANOS** | S / **EUGENIO C. ROMERO** |
| USDC NO. 208005 | USDC NO. 125114 |

The Court hereby approves the present Consent Judgment and Permanent Injunction Order <u>in toto</u> and, accordingly, directs the Clerk of the Court to unseal file of the present case and enter this final judgment forthwith.

**SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of June, 2005.

_____
JAY A. GARCIA-GREGORY
UNITED STATES DISTRICT JUDGE

4